IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL A. NOLT,<br><br>      Petitioner,<br><br>vs.<br><br>MARK FOXALL, State of Nebraska, real Party in Interest;<br><br>      Respondent. | 8:16CV561<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on initial review of Petitioner Michael A. Nolt's ("Nolt") Petition for Writ of Habeas Corpus ("petition") filed pursuant to 28 U.S.C. § 2254. (Filing No. 1.) In October 2016, Nolt was convicted of first degree murder, two counts of use of a firearm to commit a felony, manslaughter, and possession of a firearm by a prohibited person[1] in the District Court of Douglas County, Nebraska. (*Id*. at CM/ECF p. 1.) Nolt filed his petition on December 23, 2016. (*Id*.) He admits in his petition that his sentencing was scheduled for January 16, 2017. (*Id*.)[2] Nolt's claim is that the State of Nebraska had no jurisdiction to prosecute him because he has diplomatic immunity as "Ambassador" of the "Holy See of the Freedom Church of Revelation" from the foreign country of "YHWH." (*See id*. at CM/ECF pp. 3-5, 15, 47.)

---

[1] The court infers that Nolt was convicted of possession of a firearm by a prohibited person because Nolt lists his fifth conviction as "prohibited person."

[2] The Nebraska Department of Correctional Services Inmate Search Locator reveals that Nolt is currently incarcerated at the Diagnostic and Evaluation Center and was sentenced to life imprisonment. http://dcs-inmatesearch.ne.gov/Corrections/InmateDisplayServlet?DcsId=85129

Rule 4 of the *Rules Governing Habeas Corpus Cases Under Section 2254* provides, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." For the reasons discussed below, the court will dismiss Nolt's petition without prejudice.

### I. Failure to Exhaust

It plainly appears from Nolt's petition that he has failed to exhaust state court remedies.[3] He states in his petition that he has not filed a direct appeal or postconviction action in the state appellate courts – nor could he since he had yet to be sentenced at the time he filed his petition. (Filing No. 1 at CM/ECF p. 6.)

A habeas petitioner must first fairly present the merits of each claim he or she wishes to litigate in federal court to the state courts or the federal court is generally prohibited from considering such a claim under the provisions of 28 U.S.C. § 2254(b)(1). A claim is properly presented when the state courts are given a " 'fair opportunity' to apply controlling legal principles to the facts bearing upon [the claim]." *Anderson v. Harless*, 459 U.S. 4, 6, (1982) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 277–78 (1971). In Nebraska, a "fair opportunity" means that the merits of each habeas claim must ultimately be presented to the Nebraska Supreme Court. *Akins v. Kenney*, 410 F.3d 451, 454 (8th Cir. 2005) (holding that Nebraska law required habeas petitioner to file a petition for further review with the Nebraska Supreme Court in order to exhaust his available state court remedies after his conviction was affirmed by the Nebraska Court of Appeals; state rules indicated that such a procedure was considered the ordinary process because mandate could not issue until the 30-day period for filing such a petition had lapsed) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (requiring a petitioner to exhaust one complete round of the State's established appellate review process)).

---

[3] *See e.g.*, *Allen v. Zavaras*, 568 F.3d 1197 (10th Cir. 2009) (affirming district court order dismissing *sua sponte* Petitioner's habeas petition for failure to exhaust where failure to exhaust was clear from the face of the petition).

The court would normally allow a petitioner an opportunity to show why his or her petition should not be dismissed for failure to exhaust state court remedies but, in this case, it also plainly appears from Nolt's petition that his claim is frivolous.

## II. Frivolous Claim

Nolt claims that he is entitled to diplomatic immunity pursuant to federal law. Accordingly, he must show that he is an "Ambassador" of a sovereign nation recognized by the United States Department of State. "[I]n the United States, recognition by the Department of State is necessary to establish diplomatic status and to claim the commensurate immunity." 4 Am. Jur. 2d Ambassadors, Etc. § 8. "YHWH's Country" is not recognized by the United States Department of State.[4] Nolt's petition shows that the United States Department of Treasury granted the "Holy See of the Freedom Church of Revelation" an Employer Identification Number. (Filing No. 1 at CM/ECF p. 49.) It did not recognize "Holy See of the Freedom Church of Revelation" as a sovereign, foreign nation. (*See id*. at CM/ECF p. 5.) Moreover, the mailing address of the "Holy See of the Freedom Church of Revelation" is in Arizona and its "Declarations" were sworn to by "Judy Goff" in Allen County, Indiana. (*Id*. at CM/ECF pp. 30, 33, 47.)

Nolt also states in a "Declaration of Alienage" attached to his petition that his citizenship is that of "YHWH's County (sic); also known as the Kingdom of God." (*Id*. at p. 45.) He continues, "Although I have been informed and believe that I was born in or around the City of Fort Wayne, state of Indiana, county of Allen, I have no allegiances to the United States government." (*Id*.) "A prisoner cannot write his own get-out-of-jail-free card by making declarations that amount

---

[4] *See generally* U.S. Department of State, Bureau of Intelligence and Research, Dependencies and Areas of Special Sovereignty, https://www.state.gov/s/inr/rls/10543.htm and Independent States in the World https://www.state.gov/s/inr/rls/4250.htm.

to a renunciation of his obligation to conform his conduct to the requirements of the nation's criminal laws." *McCaskill v. Terris*, No. 4:15-CV-11335, 2015 WL 4065893, at *2 (E.D. Mich. July 2, 2015), *aff'd* (Dec. 7, 2015) (citing examples). The court finds that Nolt's claim is frivolous but his petition will be dismissed without prejudice in the event that he seeks to file a habeas petition including cognizable claims after he exhausts his state court remedies.

IT IS THEREFORE ORDERED that:

1. Nolt's petition ([Filing No. 1](#)) is dismissed without prejudice.

2. The court will enter Judgment in a separate document.

3. The court will not issue a certificate of appealability.

Dated this 3rd day of March, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge
